Ruben Vergara **PALOMINO**; **Celia Zavaleta–Jimenez, Petitioners,**

v.

Eric H. **HOLDER** Jr., **Attorney General, Respondent.**

Nos. 06–72942, 06–73542, 06–74852, 06–74856.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

PER CURIAM.

In these consolidated petitions for review, Ruben Vergara Palomino and Celia Zavaleta–Jimenez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders denying their motions to reopen based on ineffective assistance of counsel and their motions to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider and review de novo claims of due process violations based on ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petitions for review.

The BIA did not abuse its discretion in denying petitioners' motions to reopen because their allegations of ineffective assistance of counsel outside removal proceedings are foreclosed by *Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (order) (counsel's "unfortunate immigration-law advice" was not ineffective assistance because it did not "pertain to the

actual substance of the hearing" or "call the hearing's fairness into question"). Moreover, petitioners did not allege ineffective assistance against their former attorneys.

The BIA acted within its discretion in denying petitioners' motions to reconsider because the motions failed to identify any error of fact or law in the BIA's prior decisions. *See* 8 C.F.R. § 1003.2(b)(1). Petitioners' contention that the BIA was required to consider additional evidence submitted with their motion to reconsider is unpersuasive.

**PETITIONS FOR REVIEW DENIED.**